HARDY, Judge.
This is a suit by husband and wife for the recovery of damages resulting from personal injuries accidentally sustained by the plaintiff wife. Plaintiff’s original petition named the Town of Jena as defendant but by a supplemental and amended petition the partnership of C. I. and M. F. Humphries, and the individual partners thereof, were joined as parties defendant, and plaintiffs prayed for judgment, in solido, against all parties. After trial there was judgment in favor of defendants rejecting plaintiff’s demands, from which plaintiffs have appealed.
This action arises from an accidental fall sustained by the plaintiff wife, Mrs. Ernestine Hall, on the morning of February 13, 1954, on First Street in the Town of Jena, LaSalle Parish. On the date in question the plaintiff husband, accompanied by his wife, visited the Town of Jena for the purpose of transacting some personal business, and parked his truck parallel with, and about two or three feet from, the east curb of First Street in the Town of Jena. This position was in the space allotted to a sidewalk parking meter, established and maintained by the municipality. Mrs. Hall made her exit from the right side of the cab of the truck, moved forward to a point near the front of the vehicle, steadying herself with her left hand against the fender of the truck, and prepared to step up on the sidewalk, the surface of which was some twelve inches above the street, for the purpose of placing a coin in the parking meter. Observ *859 ing a stream of water, some six to ten inches in width, flowing in the gutter of the street, Mrs. Hall raised her right foot to make the step across this small stream and onto the sidewalk. While in this position her left foot slipped or turned in such fashion that she was precipitated somewhat violently against the curb of the sidewalk, sustaining the alleged injuries to her side and back for which she seeks recovery.
Plaintiffs base their claims upon various asserted acts of negligence on the part of the several defendants, as will be hereinafter detailed.
First Street in the Town of Jena is a blacktop thoroughfare of the old style turtleback type of construction, effecting drainage from the crest of the street into the gutters on either side. The day of the accident was fair and there was no natural precipitation. However, it is established that business concerns adjacent to the street were accustomed to discharge drainage water into the street gutters by means of outlet pipes, which were run from their properties, under the sidewalk and into the street side of the gutter. The defendant, Humphries, operated a garage and service station located on First Street, a short distance up the slope of the street from the point of the accident. The wash and drainage water from this establishment was conducted into the street as above described, as was also the case of at least one other business concern, which operates a laundry in the immediate vicinity. At the time of the accident the Town of Jena had provided no sewerage facilities for this area, and as a consequence drainage was of a surface nature, which resulted in the flowage of water along the gutters of First Street at any time, independent of weather conditions.
Plaintiffs charged that the governing authorities of the Town of Jena were negligent in permitting a flow of greasy water along the street, particularly in close proximity to parking meters established by the city, requiring deposits by motorists availing themselves of street parking facilities* and that this general negligence created a particular hazard to motorists, who, it is alleged, were required to leave their cars and overcome the attendant dangers in negotiating passage up to the sidewalk for the purpose of making the required deposit in the parking meter. Plaintiffs contend the defendants, Humphries, were negligent in permitting greasy water to flow from their garage and wash racks into the street, thereby creating the dangerous condition which was allegedly the proximate cause of the accident.
In our opinion only one issue, involving purely a question of fact, is tendered by the instant case, namely, have plaintiffs established the cause of Mrs. Hall’s accidental fall and its occurrence by reason of the negligence of the parties defendant?
Plaintiffs urge that Mrs. Hall slipped on some greasy substance which had been carried from the Humphries garage by the flowage of what they termed greasy water along the street gutter. We think plaintiffs have signally failed to establish this fact by anything approaching the required degree of substantial and preponderating evidence. It is true that both plaintiffs testified as to the existence of a spot of grease or oil at the point where the accident occurred, but their testimony leaves much to be desired. Mrs. Hall testified that she was carefully observing her footing as she made her way to the front of the truck and prepared to step up to the sidewalk, and, though she did not at this time observe any oil or grease, she testified that after the accident, having been assisted back into the cab of the truck, she could look out the window and plainly see a “blob” of some oily or greasy substance which had been located by her husband as the cause of her unfortunate accident. The plaintiff husband testified that, after coming to his wife’s aid and assisting her into the truck, he made careful observation and found a spot of greasy scum at a point where Mrs. Hall’s left foot had slipped, leaving a mark, according to his testimony “ * * * like where a cow or horse skidded across the blacktop * *
*860 Plaintiffs are the only witnesses who testified a9 to the existence of any oil or greasy scum of any nature, and a number of witnesses for defendants, who were exceedingly familiar with the locale by reason of their customary daily activities, testified that there was no deposit of any oil or grease resulting from'the flowage along the gutter.
Plaintiffs’ counsel insistently urge the presence of the grease or greasy scum allegedly carried from the Humphries garage into the street gutter and deposited on the street surface as a residue from the flowage of waste water from this establishment. This conclusion cannot be substantiated by the facts adduced, and must rest only upon the most tenuous threads of deductive reasoning, which are totally unacceptable.
A careful review of the record fails to convince us, first, that plaintiffs have satisfactorily established the presence of a greasy substance as the cause of the accident; and, second, conceding, arguendo, the existence of such evidence, they failed to establish that such deposit originated in the Humphries garage. In connection with this second point we think it pertinent to observe that the daily parking of motor vehicles on public streets not infrequently results in the deposit of oil and grease which might conceivably constitute hazards to unwary pedestrians.
In view of our finding that plaintiffs have failed to establish any negligence on the part of any of the defendants in connection with the accident, it is unnecessary to indulge in any detailed examination of the facts of the case with reference to the interposed defense of contributory negligence. However, we take occasion to note the fact that if Mrs. Hall was able to observe the deposit of oil or grease, located near the front of the family truck, from a seated position in the cab thereof, it is evident that it should have been readily perceptible if, as she contends, she was walking with care and making proper observation of the surface of the street, which fact, of itself, would abundantly serve to justify a finding of contributory negligence effectively barring recovery.
For the reasons assigned the judgment appealed from is affirmed.